UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**FILED**
FEB -6 2020
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARKES NATHANIEL RODGERS

vs.                                     Case no. _____

                                        Hon. _____

BRUCE KETTELKAMP, SCOTT
WOODS, MARY DAMBACHER,
ADVANCED CORRECTIONAL
HEALTHCARE, ROHN BURKE,
CHRISTIAN COUNTY

## COMPLAINT WITH JURY DEMAND

NOW COMES, Plaintiff MARKES NATHANIEL RODGERS, pro se, a state inmate, and brings forth a Civil Rights Complaint and seeks damages under 42 U.S.C. §1983, alleging Deliberate Indifference of Medical Care while a pre-trial detainee at the Christian County Correctional Center, in violation of the Due Process Clause of the XIV Amendment to the United States Constitution.

(1)

# I FEDERAL JURISDICTION

1. Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983. This Court has jurisdiction under 28 U.S.C. § 1331 and 1343

# II VENUE

2. The Central District of Illinois is the proper venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the elements that make up this case occurred in this judicial district

# III LITIGATION HISTORY

3. The Plaintiff has not brought any other lawsuits in state or federal court dealing with the facts involved in this complaint, nor has the Plaintiff brought any other lawsuits in federal court.

# IV EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. The Plaintiff exhausted all administrative remedies.

## V.   PARTIES

5. Plaintiff, Markes Nathaniel Rodgers, was a pre-trial detainee in the Christian County Correctional Center during all events stated between September 10, 2017 – March 21, 2018.

6. Defendant Bruce Kettelkamp was at all times relevant to this complaint the Sheriff of Christian County, and was acting under the color of state law. He is sued in his individual capacity

7. Defendant Scott Woods was at all times relevant to this complaint the Chief Deputy of the Christian County Sheriff's Office, and was acting under the color of state law. He is sued in his individual capacity.

8. Defendant Advanced Correctional Healthcare is a private Illinois Corporation which has been, at all times relevant to this complaint, under a contract with Christian County, Christian County Sheriff's Office to provide medical care and services to inmates confined at CCCC, including the Plaintiff.

9. Defendant Mary Dambacher at all relevant times was a nurse practicioner employed by ACH, and was acting under the color of state law. She is sued in her individual capacity

10. Defendant Rohn Burke at all times relevant to this action the Superintendent of the CCCC, and was acting under the color of state law. He is sued in his individual capacity.

11. Defendant County of Christian at all times relevant to this action is the local government whose policies and procedures accept, adopt and facilitate the policies and procedures of the Christian County Sheriff's Office and all its employees and contract workers. It is sued as a municipality.

## VI  FACTS

12. On September 10, 2017 the Plaintiff was booked into the C.C.C.C. where he remained until March 22, 2018.

13. The Plaintiff identified himself to Correctional Officer Steve O'Brien as a Type II Diabetic with a serious medical condition treated by oral medication.

(4)

14. Officer O'Brien removed a medical alert bracelet from the plaintiff's left wrist that identified him as having Type II Diabetes, a serious medical condition.

15. On or about September 10, 2017 Kimberly Rodgers did provide the Christian County Sheriff's Office with the plaintiff's oral diabetes medication.

16. Between September 14-19 the Plaintiff advised jail staff that he had significant, debilitating pain in the area of his left hip, and stated it may be due to a recent fall in the jail.

17. Despite minimal interaction, Defendant Dambacher displayed and expressed hostility toward the plaintiff as his medical concerns/condition changed.

18. On September 20, 2017 the plaintiff's left hip area was X-rayed at the jail.

19. On or about September 21, 2017 jail staff told the plaintiff that the results of the X-rays were negative and that his left hip area was not injured/fractured. He received no further medical attention about this complaint.

(5)

20. On September 20, 2017 Defendant Dambacher received a patient report that stated the X-rays revealed the plaintiff had a fractured pelvis. Dambacher never disclosed the report to the plaintiff

21. In December 2019 the plaintiff obtained a copy of the patient report and learned about the fracture.

22. The plaintiff continues to feel pain and discomfort in the area where his pelvis was fractured.

23. On October 4, 2017 the plaintiff ran out of his oral diabetes medication, Januvia. The plaintiff told jail staff he needed his medication to help treat his Type II Diabetes

24. After being denied his diabetes medication (Januvia), the plaintiff sent kites to Defendants Burke, Dambacher, Kettelkamp and Woods. The plaintiff told each defendant that he was out of his medication and needed it to treat his diabetes, a serious medical condition

25. The plaintiff's blood sugar levels begin to spiral out of control.

26. Defendant Dambacher told the plaintiff on October 31, 2017 that his prescription for Januvia would not be renewed because the drug was too new and expensive.

27. Defendant Dambacher told the plaintiff that the decision to not refill his prescription for Januvia was made by Advanced Correctional Heathcare and Defendant Kettelkamp.

28. Plaintiff tells Defendant Kettelkamp that he wasn't feeling well due to high blood sugar levels, and that he had not had his Januvia in three weeks.

29. Plaintiff files grievance with Defendant Burke. Complains about not having his diabetes medication. Tells staff that he is having headaches, vision changes, dizziness, fatigue, and increased symptoms of neuropathy in his chest and extremities.

30. Jail staff, including Officer Jeremy Doe, tell Plaintiff that his prescription for Januvia would not be renewed, and for him to quit complaining about it.

31. On or about October 18, 2017 Defendant Dambacher prescribes Alogliptin 25mg for the plaintiff as an oral diabetes medication. Dambacher never consults with the plaintiff about the drug, nor does he get advised about its risks, side effects, usage and benefits.

32. On October 19, 2017 the plaintiff's prescription for Invokana runs out. It does not get renewed.

33. Jail staff, including Officer Jeremy Doe, tell plaintiff that his Invokana will not be refilled because it's too expensive. He is told to stop complaining about it.

34. Plaintiff sends kites to Defendants Burke and Dambacher alerting them that his sugar levels are too high and that he needs his diabetes medication. Neither Defendant responds.

35. On October 26, 2017 Plaintiff speaks with Defendant Kettelkamp and tells him his sugar levels are too high due to not having his medication, and that he's not feeling well. Kettelkamp claims he's working on the problem.

36. On October 27, 2017 the plaintiff meets with Defendant Woods in his jail cell, and complains about his lack of medication. Defendant Woods tells the Plaintiff that the medication costs nearly $1,000 monthly and that it's too expensive to renew his prescription. Tells plaintiff he'd be allowed to have it if he paid for it.

37. On October 29, 2017 Officer John Doe takes plaintiff out of his jail cell and tells him to inject himself with insulin. Plaintiff refuses and explains he's a type II diabetic who takes oral medication. Officer Doe tells plaintiff that if he does not inject himself then he be stripped down and placed in segregation for failing to follow a direct order.

38. Defendant Dambacher tells plaintiff that he could have glipizide to replace his Invokana medication. Plaintiff informs Dambacher that the Invokana replaced Glipizide he was taking to eliminate crashes that the drug was causing. Dambacher infers taking the Glipizide would eliminate insulin shots. Plaintiff agrees to take the drug. Dambacher continues to give plaintiff insulin.

39. Defendant Dambacher does not consult with the plaintiff about the usage, risks, side effects and long-term impact of insulin.

40. On November 9, 2017 the plaintiff is taken to an outside hospital for abdominal pain. Defendant Dambacher tells ER staff that the Plaintiff is faking his illness in order to get back on his oral medication. Plaintiff is diagnosed with diverticulitis.

41. Defendant Dambacher tells ER staff that she plans to increase the amount of insulin she gives the Plaintiff in order to get him off his oral meds. Dambacher does not disclose this information to the Plaintiff.

42. The Plaintiff learns about Defendant Dambacher's plan in December 2019 after he obtains medical records from Taylorville Community Hospital.

43. Defendant Burke takes plaintiff to meet with a diabetes specialist. Plaintiff is diagnosed with an increase in neuropathy and told Defendant Dambacher is not administering plaintiff's insulin a proper times. The specialist adjusts insulin schedule, and tells Burke

44. that plaintiff should be given insulin before his evening meal and not afterwards as Dambacher has ordered.

45. Plaintiff is provided with new insulin schedule to better regulate glucose levels and eliminate overnight "crashes" that plaintiff experiences.

46. Upon his return to the jail, Defendant Dambacher disregards plaintiff's new insulin schedule and reverts back to insulin shots after evening meal. Plaintiff continues to suffer the effects of overnight blood sugar-crashes including but not limited to anxiety, sleep deprivation, confusion, shortness of breath, chest pains.

47. In 2018 the plaintiff is transferred to Vienna C.C. in IDOC. Plaintiff attempts to go back on oral medication but his body no longer responds to it and is placed back on insulin

48. Medical staff tell plaintiff he will have to take insulin for the rest of his life to help manage his diabetes

(11)

## VII    CLAIMS FOR RELIEF

### A. Deliberate Indifference to Medical Needs

49. Threat by jail staff to strip plaintiff of his clothes and place him in segregation if he did not inject himself with insulin demonstrated deliberate indifference to a serious medical need.

50. Defendant Dambacher's statement to ER staff that plaintiff was playing the system to get back on oral medication demonstrated a hostile attitude toward the plaintiff

51. Defendant Dambacher's failure to disclose to the plaintiff that he sustained a fractured pelvis, and then refused to treat the injury, demonstrated deliberate indifference to plaintiff's medical needs.

52. Defendants Kettelkamp and Woods' refusal to renew the plaintiff's oral diabetes medication constituted deliberate indifference to plaintiff's serious medical needs in violation of the XIV Amendment to the United States Constitution.

53. The failure by Defendant Advanced Correctional Healthcare to ensure the plaintiff received the medication prescribed by his doctor to treat his diabetes constituted deliberate indifference to the Plaintiff's serious medical needs, a violation of the XIV Amendment to the United States Constitution.

54. Defendant Advanced Correctional Healthcare has a policy of restricting, denying medication prescribed by a doctor when it determines said medication is too expensive.

55. Defendent Dambacher was following the policy of Advanced Correctional Healthcare when she denied the plaintiff the medication prescribed by his doctor to treat a serious medical condition. Such denial constituted deliberate indifference, a violation of the XIV Amendment to the United States Constitution.

56. Defendent Dambacher intentionally interferred with the Plaintiff's diabetes treatment plan when she replaced his oral medication with insulin without his approval and without his consultation. Dambacher's conduct constituted a deliberate indifference to the Plaintiff's serious medical needs.

57. As a result of Defendant Advanced Correctional Healthcare and Defendant Dambacher's deliberate interferrence with the plaintiff's prescribed diabetes treatment plan, the plaintiff suffered further injury and physical and emotional injury.

58. As a result of Defendant Kettelkamp, Defendant Burke, and Defendant Woods' denial to refill the plaintiff's oral diabetes medication, the plaintiff suffered further injury, and physical and emotional injury.

59. County of Christian's acceptance of a contract with Advanced Correctional Healthcare and its policies constitutes a deliberate indifference to the plaintiff's serious medical needs.

60. County of Christian's failure to prevent its employees from interferring with the plaintiff's serious medical condition, including the conduct and actions of its elected officials, constituted a deliberate indifference to the plaintiff's serious medical needs, a violation of the XIV Amendment to the United States Constitution.

(14)

RELIEF REQUESTED

WHEREFORE, Plaintiff requests the Court grant the following relief:

A. Award compensatory damages in the following amounts:

   1. $150,000 jointly and severally against Defendants Advanced Correctional Healthcare and Dambacher for the physical and emotional injuries and pain sustained by the Plaintiff resulting from the deliberate indifference to the Plaintiff's serious medical needs, and the deliberate interferrence to his prescribed diabetes treatment plan.

   2. $100,000 jointly and severally against Defendants Kettelkamp and County of Christian for the physical and emotional pain sustained by the plaintiff resulting from the deliberate interferrence to his prescribed diabetes treatment plan.

   3. $50,000 jointly and severally against Defendants Woods and Burke.

   4. $50,000 against Defendant Dambacher for her intentional failure to disclose and treat the plaintiff's fractured pelvis that resulted in physical and emotional pain to the plaintiff.

B. Award punitive damages in the following amount:

  1. $25,000 each against defendants Advanced Correctional Healthcare and Dambacher.

  2. $25,000 each against defendants Kettelkamp and Christian County.

  3. $20,000 each against defendants Woods and Burke.

C. Grant any and all other relief as it may appear the Plaintiff is entitled to.

\* \* \*

Pursuant to 28 U.S.C. 1746, I declare under the penalty of perjury that the above stated is true and correct.

_____Markes Rodgers Y28401_____      ___2/3/20___
signature                                 date


Markes N. Rodgers Y28401          217-824-4004
Taylorville C.C.
1144E Rt. 29
Taylorville, IL 62568

(16)

Sheriff Bruce Kettelkamp
Christian County S.O.
301 W. Franklin St
Taylorville, IL 62568
217-824-4961

Advanced Correctional Healthcare
3922 W. Baring Trace
Peoria, IL 61615
309-692-8100

Chief Dep. Scott Woods
Christian County S.O.
301 W. Franklin St.
Taylorville, IL 62568
217-824-4961

Christian County Govt. Offices
Christian Co. Court House
101 S. Main St
Taylorville, IL 62568

Lt. Rohn Burke
Christian County S.O.
301 W. Franklin St.
Taylorville, IL 62568
217-824-4961

Mary Dambacher, RN
Christian County S.O.
301 W. Franklin St.
Taylorville, IL 62568
        (OR)
Advanced Correctional Healthcare
3922 W. Baring Trace
Peoria, IL 61615
309-692-8100