UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARKES N. RODGERS, | ) |
| Plaintiff, | ) |
| v. | ) Cause No.: 20-3036-CSB |
| BRUCE KETTELKAMP, *et al.*, | ) |
| Defendants. | ) |

**ORDER**

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court on Defendants Mary Dambacher and Advanced Correctional Healthcare's (collectively, "the Medical Defendants") motion for summary judgment and on Defendants Rohn Burke, Scott Woods, and Bruce Kettelkamp's (collectively, "the Christian County Defendants") motion for summary judgment. As explained more fully below, Defendants are entitled to summary judgment because Plaintiff Markes N. Rodgers has failed to identify a genuine issue of material fact that would preclude summary judgment in Defendants' favor and because Defendants have demonstrated that they are entitled to judgment as a matter of law.

1

# I.
# MATERIAL FACTS

During the relevant time, Plaintiff Markes N. Rodgers was a detainee at the Christian County Jail ("the Jail").[1] Plaintiff was detained at the Jail from September 10, 2017, until March 22, 2018. Plaintiff suffers from Type II diabetes for which he takes prescription medication. Plaintiff also suffers from an avulsion fracture in his left hip.

Defendant Mary Dambacher is a nurse practitioner who is licensed by the State of Illinois. Defendant Advanced Correctional Healthcare ("ACH") is a private corporation that maintains a contract to provide medical services to inmates and detainees at the Jail. ACH employed NP Dambacher, and NP Dambacher worked at the Jail during the relevant time.

Also during the relevant time, Defendant Rohn Burke was the jail administrator at the Jail. Defendant Scott Woods was a lieutenant at the Jail. And Defendant Bruce Kettelkamp was the Christian County Sheriff.

On February 6, 2020, Plaintiff filed this suit, under 42 U.S.C. § 1983, alleging a violation of his Constitutional rights. Specifically, Plaintiff alleged that NP Dambacher ignored the results of his X-ray, which he claimed showed that he had a broken pelvis, and that NP Dambacher provided no medical attention for his broken pelvis. In addition, Plaintiff asserted that NP Dambacher changed his diabetic medication—which had been effectively treating his diabetes—to a cheaper diabetic medication—which

---

[1] Plaintiff is currently in the custody of the Illinois Department of Corrections ("IDOC") and is incarcerated at the IDOC's Jacksonville Correctional Center.

was not as effective. Plaintiff averred that NP Dambacher made this change to his prescription medication pursuant to ACH's policy, *i.e.*, in order to save money. Finally, Plaintiff claimed that he complained of his medical needs and of his lack of medical attention to each of the Christian County Defendants, but none of them took any action to help him.

Thereafter, the Court conducted a merit review of Plaintiff's Complaint, that is required by 28 U.S.C. § 1915A, and determined that his Complaint stated two claims: (1) a medical claim in violation of his Fourteenth Amendment Due Process rights against the individually named Defendants and (2) a *Monell* claim against Defendant ACH. Defendants have now moved for summary judgment on each of Plaintiff's claims against them. Further facts will be included as necessary.

## II.
## SUMMARY JUDGMENT STANDARDS

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v. Moyer*, 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). "[A] party

moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he must do more than simply show that there is some metaphysical doubt as to the material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (Brennan, J., dissenting)(1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

## III.
## DEFENDANTS DID NOT VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS

Defendants have raised several arguments in support of their respective motions for summary judgment, but the Court need only focus on one (each) in finding that they are entitled to summary judgment. The undisputed evidence shows that NP Dambacher did not act with objective unreasonableness in treating Plaintiff's medical needs. Because NP Dambacher did not act with objective unreasonableness in treating Plaintiff's medical needs, neither ACH nor the Christian County Defendants can be held liable for violating Plaintiff's Fourteenth Amendment Due Process rights. Moreover, as

4

for the Christian County Defendants, they were entitled to rely upon NP Dambacher's medical treatment to Plaintiff without subjecting themselves to liability because they are not medical professionals. Accordingly, summary judgment is proper in this case.

**A.    NP Dambacher is entitled to summary judgment.**

"[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*." *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018)(citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)("[P]retrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically.'" (citations omitted)); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)("For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.")).

In evaluating a detainee's medical care claim, "[t]he first step . . . 'asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [the plaintiff's] case.'" *McCann v. Ogle County, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018)(quoting *Miranda*, 900 F.3d at 353). The second step asks, "whether the challenged conduct was objectively reasonable." *Id.* "This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id.*; *Huertas v. Milwaukee County Common Counsel*, 2020 WL 819273, * 4 (E.D. Wis. Feb. 19, 2020).

5

In particular, the denial of medical care for an objectively serious medical condition violates a pretrial detainee's due process rights if it is "objectively unreasonable" in the totality of the facts and circumstances, and if jail personnel act "purposefully, knowingly, or perhaps even recklessly when they consider[ ] the consequences of their handling of [the detainee's] case." *Miranda*, 900 F.3d at 353-54. The required mental state is more than mere negligence but "less than subjective intent—something akin to reckless disregard" for the detainee's serious medical needs. *Id.* (quoting *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). A medical professional may show this level of reckless disregard for a serious health risk without "literally ignor[ing]" the detainee. *Sherrod v. Lingle*, 223 F.3d 605, 611-12 (7th Cir. 2000) (explaining, in Eighth Amendment context, that a prison official may exhibit "disregard of a serious risk" if, for example, "a patient faces a serious risk of appendicitis, [and] the prison official gives the patient an aspirin and an enema and sends him back to his cell"). The detainee can prove that the medical professional had the requisite mental state by proving that he received treatment "'so inadequate that . . . no minimally competent professional would have so responded under those circumstances.'" *McWilliams v. Cook County*, 2018 WL 3970145, * 9-10 (N.D. Ill. Aug. 20, 2018)(quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998)).

"Put another way, the treatment must have been 'so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment.'" *McWilliams*, 2018 WL 3970145, at *10 (quoting *Norfleet v. Webster*, 439 F.3d 392, 395-96 (7th Cir. 2006)). "If a 'need for specialized expertise either was

6

known by the treating physicians or would have been obvious to a lay person, then the obdurate refusal to engage specialists permits an inference that a medical provider was deliberately indifferent to the inmate's condition.'" *McWilliams*, 2018 WL 3970145, at * 10 (quoting *Pyles v. Fahim*, 771 F.3d 403, 412 (7th Cir. 2014)(internal quotation marks omitted)); *Smith v. Kapotas*, 2020 WL 553619, * 3–4 (N.D. Ill. Feb. 4, 2020).

Here, the undisputed facts reveal that Plaintiff received medical care each time that he requested it from NP Dambacher for both his hip pain and for his diabetes. Although he disagrees with her characterization, the Court agrees with NP Dambacher's argument that Plaintiff simply disliked her treatment plan for Plaintiff's medical conditions, but Plaintiff's disagreement did not violate Plaintiff's Fourteenth Amendment rights.

The Eighth Amendment guarantees prisoners and detainees treatment of his serious medical needs, not a doctor of his own choosing or treatment of his own choosing. *Estelle*, 429 U.S. at 104-106 (1976); *United States v. Rovetuso*, 768 F.2d 809, 825 (7th Cir. 1985); *McClendon v. Lochard*, 2021 WL 3172982, * 8 (N.D. Ill. July 27, 2021). It does not guarantee access to the latest technology or to a specific medical test. *Glenn v. Barua*, 2007 WL 3194051, * 3 (3d Cir. 2007)(noting that "a decision not to use an x-ray or other diagnostic technique is "a classic example of a matter for medical judgment, and does not by itself amount to constitutionally deficient treatment.")(internal quotation omitted).

7

Moreover, "[a] prisoner has the right to medical care; however, he does not have the right to determine the type and scope of the medical care he personally desires." *Carter v. Ameji*, 2011 WL 3924159, * 8 (C.D. Ill. Sept. 7, 2011)(citing *Coppinger v. Townsend*, 398 F.3d 392, 394 (10th Cir. 1968)); *Smith v. Kapotas*, 2020 WL 553619, * 5 (N.D. Ill. 2020)(same holding for detainees). "The Eighth Amendment does not require that prisoners receive unqualified access to healthcare. Rather, inmates are entitled only to adequate medical care." *Leyva v. Acevedo*, 2011 WL 1231349, * 10 (C.D. Ill. Mar. 28, 2011) (internal quotations omitted).

Contrary to Plaintiff's apparent belief, the X-ray taken of his hip did not demonstrate that he had a fractured pelvis or a fractured hip. Instead, the x-ray examination noted an "age indeterminate avulsion fracture at the left iliac bone." An avulsion fracture is where a small piece of bone attached to a tendon or ligament gets pulled away from the main part of the bone. According to NP Dambacher, the general treatment for an avulsion fracture includes anti-inflammatory medications and restriction of activity, and that is the treatment that she provided to him.

Furthermore, Plaintiff has failed to offer any admissible evidence with which to show that NP Dambacher acted with a sufficiently culpable state of mind in treating Plaintiff's hip pain or his diabetes. Rather, the undisputed evidence demonstrates that NP Dambacher exercised her professional judgment in treating Plaintiff's hip pain and in monitoring and treating Plaintiff's diabetes. *Judkins v. Obaisi*, 2021 WL 1784763, * 5 (N.D. Ill. May 5, 2021)("To the extent Judkins disagrees with Obaisi's decision not to refer him to a specialist, disagreement with a doctor's 'medical judgment' typically does

not constitute deliberate indifference."). Notably, the Seventh Circuit has stated that regular medication, blood-sugar checks, and a special diet in response to diabetes is more than adequate medical treatment. *Radunz v. Muhlhausen*, 375 F. App'x 618, 620–21 (7th Cir. 2010). These actions were all taken by NP Dambacher in treating Plaintiff's Type II diabetes. (Plaintiff cannot dictate the precise brand or specific type of diabetes medication he received).

In other words, Plaintiff has offered no admissible evidence to show that NP Dambacher's treatment of Plaintiff's medical needs was outside the bounds of what was professionally reasonable or that NP Dambacher possessed the metal state necessary to be held liable under the Fourteenth Amendment for violating Plaintiff's Due Process rights in the way in which she treated Plaintiff's medical conditions. *Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016), *as amended* (Aug. 25, 2016); *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998). Accordingly, NP Dambacher is entitled to summary judgment because Plaintiff has failed to offer any admissible evidence with which to raise a question of fact on his Fourteenth Amendment medical claim against NP Dambacher.

Finally, to the extent that he is relying upon an allegation that NP Dambacher delayed in providing appropriate care to him, Plaintiff's claim also fails. The Seventh Circuit has held:

> In cases where prison officials delayed rather than denied medical assistance to an inmate, courts have required the plaintiff to offer "verifying medical evidence" that the delay (rather than the inmate's underlying condition) caused some degree of harm. That is, a plaintiff

9

> must offer medical evidence that tends to confirm or corroborate a claim that the delay was detrimental.

*Williams v. Liefer*, 491 F.3d 710, 714-15 (7th Cir. 2007)(internal citations omitted); *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010)("A significant delay in effective medical treatment also may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain.").

In the instant case, there is no verifying medical evidence in the record to show that NP Dambacher delayed in providing care to Plaintiff or that any alleged delay caused him to suffer any compensable injury. 42 U.S.C. § 1997e(e). Accordingly, Plaintiff's allegations regarding a delay in treatment by NP Dambacher does not preclude summary judgment in NP Dambacher's favor.

**B.      ACH is entitled to summary judgment.**

Because the Court has found that ACH's employee (NP Dambacher) is entitled to summary judgment, ACH is also entitled to summary judgment. Unless an ACH employee(s) can be said to have been guilty of violating Plaintiff's Constitutional rights, any alleged policy that ACH's employee(s) was following cannot be said to have caused Plaintiff to suffer a Constitutional injury. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013)(holding that it was unnecessary to determine what Wexford's policy was where the plaintiff failed to establish a Constitutional problem with his treatment and did not suffer an actionable injury from the policy attributed to Wexford). *Dismukes v. Baker*, 2015 WL 1208654, * 2 (C.D. Ill. Mar. 13, 2015).

In any event, Plaintiff has failed to identify any policy, practice, or procedure employed or followed by ACH that violated his Constitutional rights. *Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Accordingly, ACH is entitled to summary judgment on Plaintiff's *Monell* claim against it.

C. **The Christian County Defendants are entitled to summary judgment.**

Finally, the Christian County Defendants are entitled to summary judgment because they were entitled to rely upon the medical care that NP Dambacher was providing to Plaintiff without subjecting themselves to liability under § 1983. Initially, the Court notes that none of the Christian County Defendants have any medical training, and none of them were responsible for providing medical care or attention to Plaintiff. "[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)(quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)). Therefore, to the extent that Plaintiff has sued the Christian Defendants for failing to provide medical care to him, they are not medical professionals and were not personally involved in providing or depriving Plaintiff of medical care.

In any event, as non-medical providers, the Christian County Defendants were entitled to rely upon the opinions and treatment of the medical providers for Plaintiff without subjecting themselves to liability. *Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1075-76 (7th Cir. 2012)(holding that a nurse is entitled to rely on a doctor's advice unless it will obviously harm the patient); *Rasho v. Elyea*, 856 F.3d 469, 478-79 (7th Cir. 2017)(holding that prison officials, even medical professionals in a non-treating role, are

11

"entitled to rely on the judgment of medical professionals treating an inmate"). The undisputed evidence shows that the Christian County Defendants knew or were aware that Plaintiff was receiving some medical care and attention. It was not just the type of care that Plaintiff thought was sufficient or appropriate. But knowledge of that disagreement does not subject to the Christian County Defendants to liability. Accordingly, the Christian County Defendants are entitled to summary judgment on Plaintiff's deliberate indifference claim against them.

**IT IS, THEREFORE, ORDERED:**

    **1.** **Defendants' motions for summary judgment [96 & 98] are GRANTED. The Clerk of the Court is directed to enter judgment in all Defendants' favor and against Plaintiff. All other pending motions are denied as moot, and this case is terminated. All deadlines and settings on the Court's calendar are vacated.**

    **2.** **If he wishes to appeal this judgment, Plaintiff must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

    **3.** **If he wishes to proceed *in forma pauperis* on appeal, Plaintiff's motion for leave to appeal *in forma pauperis* must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a**

**good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If he chooses to appeal, Plaintiff will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 22nd day of March, 2023

                                                                                    /s Colin S. Bruce
                                                                                   COLIN S. BRUCE
                                                           UNITED STATES DISTRICT JUDGE